UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| BERNADINE J. WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | 11 C 1118 |
| | ) | |
| vs. | ) | Judge Feinerman |
| | ) | |
| CITY OF CHICAGO, | ) | |
| | ) | |
| Defendant. | ) | |

### Memorandum Opinion and Order

Bernadine J. Williams brought this lawsuit against the City of Chicago under 42 U.S.C.

§ 1983 for race, color, or national origin discrimination, and under the Americans with

Disabilities Act ("ADA"), 42 U.S.C. § 12111 *et seq*., for failure to promote, harassment, failure

to accommodate, and retaliation.  With the exception of the ADA failure to accommodate claim,

the City has moved to dismiss the complaint, including the prayer for punitive damages.

Williams consents to dismissal, but asks that it be without prejudice and with leave to reinstate

the dismissed claims in the future.  Doc. 19 at 3.  The City objects, arguing that the dismissal

should be with prejudice.  For the following reasons, the dismissal is with prejudice as to the

prayer for punitive damages, and without prejudice as to the § 1983 claim and ADA claims.

### Background

The well-pleaded facts alleged in the complaint are assumed true on a Rule 12(b)(6)

motion.  *See Reger Dev., LLC v. Nat'l City Bank*, 592 F.3d 759, 763 (7th Cir. 2010).  Also

pertinent at this stage are exhibits attached to the complaint.  *See* Fed. R. Civ. P. 10(c); *Witzke v.*

*Femal*, 376 F.3d 744, 749 (7th Cir. 2004).

-1-

Williams works for the City of Chicago as a Police Fingerprint Technician.  On September 27, 2008, she requested an accommodation for a disability that the record does not identify; the request was denied.  The complaint also alleges that the City failed to promote her because of her disability, failed to stop harassment against her based on her disability, and retaliated against her for complaining about the mistreatment.  On or about December 22, 2008, Williams filed a charge with the Equal Employment Opportunity Commission ("EEOC").  The charge, which is attached to the complaint, states in its entirety:

> I began my employment with [the City of Chicago] on or about May 9, 1995.  My most recent position is Fingerprint Tech I.  [The City] is aware of my disabilities.  On or about September 27, 2008, I requested a reasonable accommodation and was denied.  I believe I was discriminated against because of my disabilities in violation of Title I of the Americans With Disabilities Act of 1990.

Doc. 7 at 8.  Williams received a right-to-sue notice on December 28, 2010, and filed this suit on February 17, 2011.

## Discussion

### I.     ADA Claims

The City moves to dismiss the ADA failure to promote, failure to stop harassment, and retaliation claims for failure to exhaust administrative remedies.  A plaintiff generally cannot bring in federal court a claim under Title I of the ADA that she previously did not present in an administrative charge.  *See* 42 U.S.C. § 12117 (adopting the procedures set forth in Title VII, including the requirement that administrative remedies be exhausted, 42 U.S.C. § 2000e-5); *Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 637 (7th Cir. 2004) ("an employee may sue under the ... ADA ... only if he files a charge of discrimination with the EEOC"); *Kersting v. Wal-Mart Stores, Inc.*, 250 F.3d 1109, 1118 (7th Cir. 2001).  This exhaustion rule

"serves the dual purpose of affording the EEOC and the employer an opportunity to settle the dispute through conference, conciliation, and persuasion, and of giving the employee some warning of the conduct about which the employee is aggrieved. … For allowing a complaint to encompass allegations outside the ambit of the predicate EEOC charge would frustrate the EEOC's investigatory and conciliatory role, as well as deprive the charged party of notice of the charge." *Cheek v. W. & S. Life Ins. Co.*, 31 F.3d 497, 500 (7th Cir. 1994) (citations omitted).

"A plaintiff may pursue a claim not explicitly included in an EEOC complaint only if her allegations fall within the scope of the charges contained in the EEOC complaint." *Conley v. Vill. of Bedford Park*, 215 F.3d 703, 710 (7th Cir. 2000) (internal quotation marks omitted). Although the factual basis for such a claim must have been presented in an administrative charge, "because most EEOC charges are completed by laypersons rather than by lawyers, a … plaintiff need not allege in an EEOC charge each and every fact that combines to form the basis of each claim in her complaint." *Cheek*, 31 F.3d at 500. Instead, the court asks whether the federal claim is "like or reasonably related to the allegations of the [administrative] charge and grow[s] out of such allegations" or, put another way, whether "there is a reasonable relationship between the allegations in the charge and the claims in the complaint, and the claim in the complaint can reasonably be expected to grow out of an EEOC investigation of the allegations in the charge." *Ibid*. (internal quotation marks omitted). "Claims are reasonably related if there is a factual relationship between them." *Kersting*, 250 F.3d at 1118. That means that "the EEOC charge and the complaint must, at minimum, describe the *same conduct* and implicate the *same individuals*." *Cheek*, 31 F.3d at 501. As the Seventh Circuit explained by way of example:

> Because an employer may discriminate on the basis of sex in numerous ways, a claim of sex discrimination in an EEOC charge and a claim of sex discrimination in a complaint are not alike or reasonably related just

> because they both assert forms of sex discrimination. The claims are not
> alike or reasonably related unless there is a factual relationship between
> them.

*Ibid*.

Williams's EEOC charge alleges only that the City failed to accommodate her disability. There is no explicit mention of a failure to promote, a failure to stop harassment, or retaliation. Those claims, moreover, are not reasonably related to the failure to accommodate claim, which is "separate and distinct from a claim of discriminatory treatment under the ADA." *Green v. Nat'l Steel Corp., Midwest Div.*, 197 F.3d 894, 898 (7th Cir. 1999) ("the two types of claims are analyzed differently under the law" and are "not like or reasonably related to one another"); *see also Cable v. Ivy Tech State Coll.*, 200 F.3d 467, 477 (7th Cir. 1999) (finding that a retaliation claim was not exhausted where "the body of [the plaintiff's EEOC] complaint fails even to hint at retaliation, much less develop a factual basis for such a claim"); *Ulatowski v. John Sterling Corp.*, 2005 WL 88971, at *7 (N.D. Ill. Jan. 10, 2005) (holding that ADA harassment and retaliation claims "exceed the scope of [the plaintiff's] EEOC charge, which alleged only failure to accommodate and wrongful discharge"); *Tragas v. City of Chi.*, 1998 WL 749438, at *4 (N.D. Ill. Oct. 23, 1998) (holding that the plaintiff's failure to reinstate claim was not exhausted where the EEOC charge alleged failure to promote). It follows that Williams's failure to promote, harassment, and retaliation claims should be dismissed.

The dismissal, however, should be without prejudice. The Seventh Circuit has explained that "the proper remedy for a failure to exhaust administrative remedies is to dismiss the suit without prejudice, thereby leaving the plaintiff free to refile his suit when and if he exhausts all of his administrative remedies or drops the unexhausted claims." *Greene v. Meese*, 875 F.2d 639, 643 (7th Cir. 1989); *see also Ford v. Johnson*, 362 F.3d 395, 401 (7th Cir. 2004); *Walker v.*

-4-

*Thompson*, 288 F.3d 1005, 1009 (7th Cir. 2002). This principle applies with full force to dismissals for failure to exhaust employment claims before the EEOC—such dismissals are without prejudice to the plaintiff bringing her claim to federal court upon exhausting the unexhausted claims before the EEOC. *See Teal v. Potter*, 559 F.3d 687, 693 (7th Cir. 2009); *Hill v. Potter*, 352 F.3d 1142, 1145-46 (7th Cir. 2003).

That said, there may be no practical distinction between a dismissal with prejudice and a dismissal without prejudice of Williams's unexhausted ADA claims. The reason is that the 300-day window for Williams to bring her ADA failure to promote, retaliation, and harassment claims to the EEOC likely has expired. *See* 42 U.S.C. § 12117 (adopting the procedures set forth in 42 U.S.C. § 2000e-5); 42 U.S.C. §§ 2000e-5(c), (e); *Brown v. Ill. Dep't of Natural Res.*, 499 F.3d 675, 681 n.5 (7th Cir. 2007) (a claimant must "fil[e] a charge with the Equal Employment Opportunity Commission within … 300 days in states like Illinois that do [have an equal employment opportunity agency]"). So if Williams files a fresh EEOC charge encompassing those claims and then attempts to pursue those claims in federal court, the claims likely will be dismissed with prejudice on limitation grounds, unless the continuing violation doctrine applies or there is some basis for tolling the limitations period. *See Nagle v. Vill. of Calumet Park*, 554 F.3d 1106, 1121 n.4 (7th Cir. 2009); *Stepney v. Naperville Sch. Dist. 203*, 392 F.3d 236, 241 (7th Cir. 2004) ("Stepney's EEOC charge, filed more than 600 days after the accrual of his claims, was untimely and that untimeliness bars the present action."); *Bilow v. Much Shelist Freed Denenberg Ament & Rubenstein, P.C.*, 277 F.3d 882, 892-93 (7th Cir. 2001) ("[t]he district court correctly found that these claims were barred by the Title VII statute of limitations" where the plaintiff's "complaint to the EEOC was filed more than 300 days" after the plaintiff should have known of alleged discrimination).

-5-

## II.     Section 1983 Claim

Williams's § 1983 claim states in its entirety: "If the defendant is a state, county, municipal (city, town or village) or other local governmental agency, plaintiff further alleges discrimination on the basis of race, color, or national origin (42 U.S.C. § 1983)." Doc. 7 at ¶ 10. Because this allegation is pre-printed on the sample employment discrimination complaint provided to pro se litigants in this District, and because none of the specific factual allegations added by Williams reference race, color, or national origin discrimination, the court doubts that Williams intended to bring a § 1983 claim for such discrimination. In arguing that the claim should be dismissed with prejudice, the City argues: "Plaintiff has offered no explanation for her request [to replead], nor any reason why she is incapable of formulating a [§ 1983] claim now but may be able to formulate a claim later. No new development will change the fact that she does not have a claim under § 1983, or that she cannot make claims that exceed the scope of her EEOC charge." Doc. 20 at 4. The City adds that it would be "significantly prejudice[d]" if Williams is allowed to replead the claim in the middle of discovery, after discovery, or on the eve of trial. *Ibid.*

The City is wrong to suggest Williams had to bring her (hypothetical) § 1983 claim to the EEOC before taking it to federal court. Section 1983 claims are not subject to the exhaustion requirements applicable to ADA and Title VII claims. *See Patsy v. Bd. of Regents of State of Fla.*, 457 U.S. 496, 516 (1982) ("we conclude that exhaustion of state administrative remedies should not be required as a prerequisite to bringing an action pursuant to § 1983"); *Wudtke v. Davel*, 128 F.3d 1057, 1063 (7th Cir. 1997) ("there is no general exhaustion requirement for § 1983 plaintiffs"); *Nebel v. City of Burbank*, 2003 WL 1606087, at *4 (N.D. Ill. Mar. 27, 2003)

("unlike Title VII claims, litigants need not exhaust administrative remedies before bringing claims under § 1983").

The City's prejudice and futility arguments fail as well, at least at this stage of the litigation. Rule 15(a) provides that "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a). "Although the rule reflects a liberal attitude towards the amendment of pleadings, courts in their sound discretion may deny a proposed amendment if the moving party has unduly delayed in filing the motion, if the opposing party would suffer undue prejudice, or if the pleading is futile." *Campania Mgmt. Co., Inc. v. Rooks, Pitts & Poust*, 290 F.3d 843, 848-49 (7th Cir. 2002).

A proposed amendment complaint is futile if it fails to satisfy federal pleading requirements. *See Gen. Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1085 (7th Cir. 1997). There currently are no facts by which to judge Williams's § 1983 claim, and there is no indication as to what an amended § 1983 claim would allege. Until an actual amendment is before the court, it would be premature to conclude that *any* § 1983 claim necessarily would be futile, particularly given the permissive approach Rule 15(a) takes to repleading in general, *see Emery v. Am. Gen. Fin., Inc.*, 134 F.3d 1321, 1322-23 (7th Cir. 1998) (where the plaintiff was given three chances over the course of three years to state a claim); *Mosley v. McDonald's Corp.*, 2006 WL 3541872, at *2 (N.D. Ill. Dec. 6, 2006) (dismissing § 1983 claims against private defendants, and stating that although "[t]here appears to be no good faith manner in which Plaintiff could allege that McDonald's Corporation or Cirilo's Inc. were state actors[,] in an abundance of caution, the claims are dismissed without prejudice in the event Plaintiff wishes to attempt to replead these counts[,] if that can be done consistently with Fed R. Civ. P. 11"), and to pro se litigants in particular, *Kaba v. Stepp*, 458 F.3d 678, 687 (7th Cir. 2006) ("It is, by now,

axiomatic that district courts have a special responsibility to construe *pro se* complaints liberally and to allow ample opportunity for amending the complaint when it appears that by so doing the *pro se* litigant would be able to state a meritorious claim.") (internal quotation marks omitted); *Marshall v. Knight*, 445 F.3d 965, 970 (7th Cir. 2006) (holding that the pro se plaintiff should "have been allowed to add a retaliation claim based on his allegations about the adverse treatment he encountered after filing his original civil rights complaint").

It likewise would be premature to conclude that the City necessarily would be unfairly prejudiced by an amended § 1983 claim. Williams's ability to amend her complaint lies in the court's discretion. *See Arceola v. Godines*, 546 F.3d 788, 796 (7th Cir. 2008). Absent unusual circumstances, Williams will not be permitted to amend late in discovery, after discovery closes, or on the eve of trial. *See Bethany Pharmacal Co., Inc. v. QVC, Inc.*, 241 F.3d 854, 861-62 (7th Cir. 2001) (holding that the plaintiff's failure to seek amendment until after the close of discovery and after summary judgment motions had been filed constituted an undue delay and was a sufficient reason to refuse the proposed amendment); *Feldman v. Am. Mem'l Life Ins. Co.*, 196 F.3d 783, 793 (7th Cir. 1999) (holding that the district court properly denied a motion to amend that was filed after discovery and right before the dispositive motion deadline).

For these reasons, Williams's § 1983 claim is dismissed without prejudice. Williams may attempt to replead the claim if she can do so consistently with Rule 11.

## III. Prayer for Punitive Damages

The dismissal of the prayer for punitive damages shall be with prejudice. The law is clear. "Municipalities are not subject to punitive damages in suits under 42 U.S.C. § 1983." *Robinson v. City of Harvey, Ill.*, 617 F.3d 915, 916 (7th Cir. 2010) (citing *Newport v. Fact Concerts, Inc.*, 453 U.S. 247 (1981)). The same holds for suits under the ADA. *See Pullum v.*

*Vill. of Univ. Park*, 2010 WL 2836978, at *1 (N.D. Ill. July 20, 2010) ("42 U.S.C. § 1981a, the same statute that provides for the recovery of punitive damages under Title VII but forbids such recovery from governmental agencies such as the Village, applies equally to claims brought under the ADA.") (citing 42 U.S.C. § 1981a(a)(2) & (b)(1)).  Because the law precludes Williams from receiving punitive damages from the City under the ADA and § 1983, the prayer for punitive damages is stricken with prejudice.

## Conclusion

The City's motion to dismiss is granted.  The unexhausted ADA claims and the § 1983 claim are dismissed without prejudice.  The prayer for punitive damages is stricken with prejudice.

January 24, 2012

_____
United States District Judge